## CHENEY *v.* THOMPSON HILES COMPANY.

1. Where an endorser for value of a promissory note was properly sued as such, but at the trial the plaintiff filed an amendment to his petition, which in effect alleged that the defendant was not liable as endorser but had in the first instance signed the note as a surety thereon, and a verdict was thereupon rendered in the plaintiff's favor, it will not be set aside merely because of this unnecessary and inappropriate change in the plaintiff's pleadings; the record disclosing beyond doubt that there was no meritorious defense of which the defendant, in either relation to the paper sued on, could have availed himself.

2. Inasmuch, however, as the defendant had, in perfect strictness, a right to be sued and to have a judgment rendered against him in the exact capacity in which he actually contracted, direction is given that the declaration be restored to its original form by entering an order striking the amendment to the same.

3. Except as to the matter dealt with above, no question of material consequence is presented for determination in the present case.

Submitted April 13, — Decided June 10, 1897.

Complaint on note. Before Judge Harris. City court of Floyd county. December term, 1895.

*C. A. Thornwell,* for plaintiff in error.

LUMPKIN, P. J.    The Thompson Hiles Company brought an action against Phil Daniel and Abe Jackson as makers, and A. D. Cheney as endorser, of a promissory note.    Subsequently the plaintiff filed an amendment in these words: "And now comes Thompson Hiles Co., and strikes the name of A. D. Cheney as endorser, and sues A. D. Cheney as surety."    Thereupon the defendant Cheney filed a plea in the following language: "And now comes the defendant and says he was endorser on the note, and not surety."    The note in question was signed by Phil Daniel and Abe Jackson and was payable to the order of A. D. Cheney, who endorsed his name across the face of the note and thus transferred it to the plaintiff.    If he had written his name across the back of the note, there could be no possible question that he was in the strictest sense an endorser of the paper.    That, instead of so doing, he wrote his name across the face of the paper, makes no substantial difference.    The suit was therefore properly brought in the first instance against Cheney as endorser, and the change made in the plaintiff's pleadings was not only unnecessary, but inappropriate.

Inasmuch, however, as the record discloses that there was no meritorious defense of which the defendant Cheney, in either relation to the paper sued on, could have availed himself, the judgment against him was in accord with the substantial justice of the case.    Nevertheless, it was his strict legal right to be sued and to have a judgment against him in the exact capacity in which he actually contracted.    Direction is therefore given, that the declaration be restored to its original form by entering an order striking the plaintiff's amendment thereto.    A precedent for this course is to be found in the case of *Ware* v. *City Bank of Macon*, 59 *Ga.* 840.

*Judgment affirmed, with direction.    All the Justices concurring.*